UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22779-BLOOM/Otazo-Reyes**

DAVID CASTRO,

    Plaintiff,

v.

TK ELEVATOR CORPORATION,

    Defendant.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice of Removal, ECF No. [1] ("Notice"), and Plaintiff's Complaint ("Complaint"), ECF No. [1] at 5-11, which was removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court. For the reasons set forth below, the Court finds that Defendant has failed to establish the existence of subject matter jurisdiction in this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of

the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

In the Notice, Defendant asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. ECF No. [1]. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1332(a).

"To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (citation omitted). Even so, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of

damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

In this case, the Court first reviews the allegations in the Complaint—the operative pleading—to determine whether the amount in controversy is satisfied. Plaintiff's Complaint asserts claims related to injuries Plaintiff sustained when the elevator he was riding in suddenly stopped as it was descending. Significantly, in the first paragraph of the Complaint, Plaintiff alleges only that: "[t]his is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS, exclusive of interest, costs, and attorneys' fees." ECF No. [1] at 5, ¶ 1. As such, it is not facially apparent from the Complaint that the amount in controversy is satisfied.

Because Plaintiff does not plead a specific amount of damages, the Court next looks at the Notice to determine whether the amount in controversy is satisfied, mindful that it is Defendant's

burden to establish subject matter jurisdiction. Defendant contends that the amount in controversy is satisfied because Plaintiff's injuries are alleged to be "serious and permanent." ECF No. [1] at 2 (citing Complaint ¶¶ 5, 6, 9-11, 15-17). Specifically, the Complaint alleges that Plaintiff sustained "significant personal injuries." ECF No. [1] at 8, ¶ 10; 11, ¶ 16. The Complaint further alleges that

> Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

ECF No. [1] at 8, ¶ 11; 11, ¶ 17. However, Defendant provides *no* underlying supporting facts or other information from which the Court can conclude that Defendant has met its burden of proving the amount-in-controversy requirement is satisfied.

The Court notes that while Plaintiff's injuries and the resulting damages he recovers may very well exceed the amount in controversy, they may very well not. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-1320; *see also Burns*, 31 F.3d at 1097 (finding defendant failed to satisfy burden of proof regarding amount in controversy where defendant offered only conclusory allegations); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254-55 (5th Cir. 1961)[1] (stating that removing defendant must make "an affirmative showing . . . of all the requisite factors of diversity jurisdiction" and that "the amount in controversy being open was ground for remand.").

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Case No. 22-cv-22779-BLOOM/Otazo-Reyes

As such, the Court finds that Defendant's Notice is facially deficient in that it fails to demonstrate that the $75,000 amount-in-controversy requirement has been satisfied. The Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject matter jurisdiction to preside over Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 1, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record